United States District Court
Northern District of California

1
2
3
4
5
6
7           IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11
12   HPROF, LLC,                              Case No. 13-00058 JSC
                     Plaintiff,               **ORDER REMANDING CASE**
13
14          v.
15   SUSAN CAMERON, and ANTHONY
     CAMERON,
16
17                   Defendants.
18
19          Plaintiff brought this state law unlawful detainer action against Defendants in the Superior
20   Court of California for the County of Alameda.  Defendants, representing themselves, subsequently
21   purported to remove the action to this Court on the basis of federal question jurisdiction.  Defendants
22   allege that "Plaintiff has actually filed a Federal Question action in State Court."  (Dkt. No. 1 at 2.)
23   In particular, they explain that the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12
24   U.S.C. § 5220, preempts state law as to bona fide residential tenants of foreclosed landlords.  (*Id.*)
25   Given the Courts concern with respect to subject matter jurisdiction, the Court ordered Defendants to
26
27
28

United States District Court
Northern District of California

1  show cause as to why this case should not be remanded to Alameda County Superior Court ("OSC").

2  (Dkt. No. 5.)  Plaintiffs timely responded to the Order.  (Dkt. No. 7.)[1]

3  ### DISCUSSION

4  Defendants, as the party seeking removal to this federal court, bear the burden of establishing

5  that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal

6  jurisdiction.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992).  Further, when a case is

7  removed to federal court, the court has an independent obligation to satisfy itself that it has federal

8  subject matter jurisdiction.  *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004).

9  "Federal question jurisdiction exists only when a federal question exists on the face of a well-

10  pleaded complaint."  *ING Bank, FSB v. Pineda,* 2012 WL 2077311, *1 (N.D. Cal. June 8, 2012).

11  The Court, having reviewed the Notice of Removal and Defendants' response to the OSC,

12  concludes that federal question jurisdiction does not exist.  The removed complaint makes only a

13  state law claim for unlawful detainer.  Therefore, this Court does not have federal question

14  jurisdiction.  *ING Bank, FSB,* 2012 WL 2077311 at *1.  That Defendants raise defenses and

15  preemption arguments related to the PTFA is irrelevant; a defendant cannot create federal subject

16  matter jurisdiction by adding claims, raising defenses, or alleging ordinary preemption.  *Holmes*

17  *Group, Inc. v. Vornado Air Circulation*, 535 U.S. 826, 830-31 (2002); *Valles v. Ivy Hill Corp.*, 410

18  F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer

19  jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in

20  the plaintiff's complaint."); *Fed. Nat. Mortg. Ass'n v. Sue Lin Poh*, 2012 WL 3727266, at *2 (N.D.

21  Cal. Aug. 28, 2012) (remanding removed unlawful detainer action).  Despite informing Defendants

22  in the OSC that ordinary preemption is insufficient to confer federal subject matter jurisdiction,

23  Defendants' response insists that because the PTFA preempts state unlawful procedures, federal

24  subject matter exists.  As already discussed, Defendants are incorrect.

25  In addition, Defendants' argument that the PTFA may provide a cause of action for evicted

26  tenants to pursue violations of the Act is inapposite.  (*See* Dkt. No. 7 at 3.)  Contrary to Defendants'

27

28  _____

[1]  The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

assertion, that a tenant may bring a claim under the PTFA does not necessarily mean that "an action to eject a tenant . . . implicitly state[s] a federal claim of right." (*Id.*)  Defendants do not explain why a cause of action for evicted tenants, even if it existed, translates to a cause of action by landlords for unlawful detainer.  Moreover, as the "master of his complaint," a plaintiff may avoid federal jurisdiction by pleading only state-law claims. *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).  In addition, to the extent Defendants argue that a counterclaim under the PTFA would allow an unlawful detainer action to become removable, Defendants are wrong. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").

## CONCLUSION

For the reasons stated above, this action is REMANDED to Alameda County Superior Court. The Case Management Conference currently scheduled for May 2, 2013 is accordingly VACATED.

**IT IS SO ORDERED.**

Dated:   May 2, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

3